NELSON TIFT *et al.,* plaintiff in error, *vs.* D. P. HILL, administrator, defendant in error.

This is a bill filed by the administrator of Davis, to set aside a sheriff's sale of a city lot in the city of Albany, on the ground that the consideration of the debt on which the judgment was rendered, was a slave or slaves. It does not appear on the face of the judgment, or the execution, that the original consideration of the debt on which the judgment was rendered, was for slaves. The judgment was obtained on the 24th November, 1864. The lot was sold by the sheriff on the 5th day of January, 1869, and purchased by the defendant, Tift, for the sum of $250 00. The prayer of the bill is, that the sheriff's sale be set aside, and the purchaser's title to the lot be declared void. The defendant demurred to the bill for want of equity, which was overruled by the Court, and the defendant excepted:

*Held,* That the sale made by the sheriff under a judgment of a Court of competent jurisdiction, and an execution regular upon its face at the time, and the same not being a *void* judgment, the purchaser at the sheriff's sale, who paid his money for the lot, acquired a valid title thereto under that sale, as against the defendant in that judgment, and his legal representatives, and that the Court erred in overruling the demurrer to the complainant's bill.

Purchaser at Sheriff's sales. Slave debts. Before Judge STROZIER. Dougherty Superior Court. December, 1870.

On the 24th of November, 1864, Morgan Kemp obtained a judgment against Joseph A. Davis and another, in Marion county, for $1.700 00 principal, $466 08 interest and costs.

On the 2d of December, 1864, a *fi. fa.* was issued thereon. On the 4th of December, 1868, this *fi. fa.* was levied upon a lot in Albany, Georgia, as the property of Joseph A. Davis, and on the 5th of January, 1869, the sheriff sold said lot for $250 00, and conveyed the same to the purchaser. In March, 1869, D. P. Hill, as administrator of Davis, filed his bill against Kemp and Nelson Tift, averring the foregoing and following facts: He was appointed administrator on the 12th of December, 1867, and therefore said levy was made within twelve months from his appointment. He had no notice of said debt till a few days before the sheriff's sale. Then he had notice given at the sale that the levy was pre-

maturely made, and that he would contest the sale on that ground.    The land was worth $2,000 00, but Tift bought it for $250 00, and took title and possession of the same. Since the sale he has learned that the demand, on which said judgment was founded, was a contract for the sale of slaves.    Its enforcement, therefore, by the sheriff was void, because forbidden by the Constitution of this State.    Kemp knew this before the sale.    He prayed that the money paid for the land by Tift to Kemp, be restored to Tift; that Tift be enjoined from conveying the land to others, and be compelled to convey it to him as such administrator, and to give him possession thereof.    The injunction was granted.

This bill was demurred to, upon the ground that it contained no equity, especially as against Tift.    The demurrer was overruled, and that is assigned as error.

HINES & HOBBS, for plaintiffs in error.

VASON & DAVIS, for defendant.

WARNER, Judge.

It was error in the Court in overruling the demurrer to the complainant's bill, on the statement of facts contained in the record.

Let the judgment of the Court below be reversed.